FILED D/F
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ FEB 24 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ASHLEY JOHNSON and MARION
JOHNSON,

              Plaintiffs,

              -against-

FORMULA 1 IMPORTS; MANAGER
JOHN DOE, *a.k.a.* JOHN; SALES REP.
JOHN DOE, *a.k.a.* KIM,

              Defendants.
------------------------------------------------------------X

**MEMORANDUM & ORDER**

**11-CV-1720 (NGG) (RLM)**

NICHOLAS G. GARAUFIS, United States District Judge.

Pro se Plaintiffs Ashley Johnson and Marion Johnson filed this action against Defendants Formula 1 Imports ("Formula 1"), a New Jersey car dealership; the manager of Formula 1; and an employee of the dealership. (Compl. (Docket Entry # 1).) Plaintiffs purchased a used BMW from Formula 1 and allege that the vehicle was a "lemon." (See id.) Defendant Formula 1 filed a Motion to Dismiss Plaintiffs' Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[1] (See Mot. to Dismiss (Docket Entry # 5).)

On January 6, 2012, the court issued a Memorandum and Order discussing the sufficiency of each of Plaintiffs' claims in detail. (Mem. & Order (Docket Entry # 16).) The court determined that the Complaint failed to state a claim as to all causes of action except conversion, and that the court lacked subject matter jurisdiction to consider the conversion claim alone. (Id. at 6-16.) In light of Plaintiffs' pro se status, however, the court granted Plaintiffs leave to amend their Complaint and deferred ruling on the Motion to Dismiss. (Id. at 16-17.)

---

[1] The other Defendants in this case are unnamed agents of Formula 1 who have not been served individually. The court reads Formula 1's Motion to Dismiss as applicable to all Defendants.

1

The court cautioned Plaintiffs that if they failed to amend their Complaint within thirty days of that Order, the court would dismiss their action.

On February 10, 2012, Plaintiffs filed an Amended Complaint. (Docket Entry # 18.) They also filed a letter to the court apologizing for their failure to satisfy the court's thirty-day deadline and explaining that they were "under the impression that the filed date was [the] date of reference" for calculating the deadline. (Docket Entry # 17.) Because Plaintiffs missed the court's deadline as a result of an excusable error in calculation, the court deems their Amended Complaint timely filed. Nonetheless, the amendments to the Complaint do not cure the deficiencies identified in the court's January 6, 2012, Memorandum and Order.

As with their original Complaint, Plaintiffs' Amended Complaint fails to state a claim under New Jersey's Used Car Lemon Law. In its Memorandum and Order, the court noted that Plaintiffs were required to allege (1) that there was a malfunction or defect in a "covered item" and (2) that they gave Defendants a reasonable opportunity to repair the defect. (Mem. & Order at 8-9.) The Amended Complaint, like the original Complaint, references only a faulty battery as the basis for Plaintiffs' Used Car Lemon Law claim. (See Amended Compl. ¶ 1.) As this court has previously noted, a car battery is not a "covered item" under the Used Car Lemon Law. (See Mem. & Order at 8-9.) Moreover, the Amended Complaint does not allege additional facts suggesting that Plaintiffs gave Formula 1 an opportunity to repair the vehicle within the warranty period (see id. at 9); it continues to assert only that Plaintiffs demanded a "proper refund" from Formula 1 on several occasions (Amended Compl. ¶ 1).

The Amended Complaint also fails to state a claim under the Magnuson-Moss Warranty Act. The Memorandum and Order directed Plaintiffs to "provide additional facts that could plausibly establish that Defendants breached a written or implied warranty; that the amount in

2

controversy could total $50,000 or more; and that they gave Defendants an opportunity to cure as required by law." (Mem. & Order at 12.) Plaintiffs continue to vaguely reference an "extended written warranty" that they claim they were "induced to purchase" (Amended Compl. ¶ 1), but they still have not provided any specific details about the warranty or an explanation of how Defendants breached it (see Mem. & Order at 10 n.7). Moreover, although Plaintiffs demand $95,000 in damages, they arrive at this figure by multiplying $19,000 (the cost of the vehicle) by five "according to [N]ew Jersey punitive damage calculations." (Amended Compl. ¶ 1.) As stated in the court's Memorandum and Order, however, punitive damages are "excluded in calculating [ ] the $50,000 amount in controversy requirement" of the Magnuson-Moss Warranty Act. (Mem. & Order at 11 (citing Kelly v. Fleetwood Enters., Inc., 377 F.3d 1034, 1038-39 (9th Cir. 2004)).) Finally, as discussed above, the Amended Complaint does not allege that Plaintiffs gave Defendants an opportunity to cure the alleged defect, as required by the Act.

With respect to Plaintiffs' fraud claim, the court's previous Memorandum and Order concluded that Plaintiffs had failed to plead the element of reasonable reliance because they did not allege that they "would not have purchased the extended warranty had they known that the price was actually $500" rather than $100, the price Plaintiffs claim Defendants represented to them. (Id. at 13.) The Amended Complaint contains no additional allegation with respect to reliance; thus, it fails to state a claim for fraud.

The court's prior Memorandum and Order also concluded that Plaintiffs had failed to state a claim for assault because they did not "plead that Defendant intended to cause Plaintiffs harmful or offensive contact" or "imminent apprehension of such contact" by calling the police when Plaintiffs demanded a refund, nor had they alleged "facts suggesting that they were in fact put in such imminent apprehension." (Id. at 14.) Although the Amended Complaint makes the

3

conclusory allegation that Formula 1 "had the full intention to use at least the 'apprehension of offensive contact' with the police to discharge the debt owing on the contract" (Amended Compl. ¶ 1), it still contains no allegation that Plaintiffs were in fact put in imminent apprehension of harmful or offensive contact. Plaintiffs therefore fail to state a claim for assault.

The Memorandum and Order stated that there was "nothing in Plaintiffs' statement of facts that would allow the court to infer the existence of a negligence claim." (Mem. & Order at 14.) The Amended Complaint contains no additional allegation sounding in negligence.

Finally, the court held that it lacked subject jurisdiction over Plaintiffs' common law conversion claim because: (1) Plaintiffs' claim under the Magnuson-Moss Warranty Act did not survive, depriving the court of federal question jurisdiction; and (2) Plaintiffs did not satisfy the $75,000 dollar amount-in-controversy requirement, depriving the court of diversity jurisdiction. (Id. at 15.) Neither of these circumstances has changed. As discussed above, Plaintiffs have failed to state a claim under Federal law. And although Plaintiffs demand damages in the amount of five times the amount they paid for their vehicle, or $95,000 (Amended Compl. ¶ 1), the only purported basis for their conversion claim is that Defendants failed to refund their $100 deposit. Thus, even assuming that Plaintiffs could meet New Jersey's high standard for punitive damages, the maximum amount they could obtain on their conversion claim is five times the amount they paid for their deposit, or $500. That amount falls far short of the amount-in-controversy requirement. See 28 U.S.C. § 1332.

For the reasons set forth above and in the court's previous Memorandum & Order, Defendants' Motion to Dismiss is GRANTED. Plaintiffs' claim for conversion is dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1); this dismissal is without prejudice to any subsequent lawsuit Plaintiffs may wish to file in state court.

Plaintiffs' remaining claims are dismissed with prejudice for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
February 22, 2012

s/Nicholas G. Garaufis
_____
NICHOLAS G. GARAUFIS
United States District Judge